IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| OPTINETIX INC., <br><br> *Plaintiff*, <br><br> v. <br><br> WALGREEN CO., <br><br> *Defendants*. | Case No. _____ <br><br> DEMAND FOR JURY TRIAL |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

1. Optinetix Inc. ("Optinetix" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Walgreen Co. ("Walgreens") ("Walgreens" or "Defendant"), alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 7,349,668 titled "Systems and methods for embedding commercial information into broadcast media" (the '668 Patent) attached hereto as Exhibit A.

**NATURE OF THE ACTION**

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

**PARTIES**

3. Plaintiff, Optinetix Inc., is a company established in Israel with its principal place of business at 12 Eliyahu Hakim St., Tel-Aviv 69120, Israel.

4. Upon information and belief, Defendant Walgreen Co. is an Illinois corporation with a regular and established place of business at 2300 E Park Blvd, Plano, TX 75074. Walgreen Co. may be served via its registered agent Prentice Hall Corporation System at 211 E. 7th Street,

Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

5.      This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6.      The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Texas and the Eastern District of Texas; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Texas; (4) Defendant regularly conducts business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this district; and (5) Defendant has purposely availed itself of the privileges and benefits of the laws of the State of Texas.

7.      Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the products which contain the infringing '668 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in this district; Defendant solicits and has solicited customers in the State of Texas and in this district; and Defendant has paying customers who are residents of the State of Texas and this district and who each use and have used the Defendant's products and services in the State of Texas and in this district.

8.      Defendant has regular and established places of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent

infringement in this district.

## PATENT-IN-SUIT

9. Plaintiff incorporates the above paragraphs herein by reference.

10. On March 25, 2008, United States Patent No. 7,349,668 titled "Systems and methods for embedding commercial information into broadcast media" was duly and legally issued by the United States Patent and Trademark Office. The '668 Patent is presumed valid and enforceable.

11. Plaintiff is the assignee of all right, title and interest in the '668 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '668 Patent.

12. The '668 Patent relates to the distribution of information, typically digital information that is distributed through broadcast media such as television and radio, displays such as signage, etc. (*See* Ex. A at 1:20-23.).

13. The inventions disclosed in the Patent-in-Suit were not well-understood, routine, or conventional. At the time the '668 Patent was filed, coupons were an ultimately inefficient method of engaging consumers. Most coupons were printed on paper, and the printing costs associated with them were expensive. Moreover, their success rate, namely the total distribution compared to actual redemption, was low. (*See* Ex. A at 1:38-41.). Computer distributed coupons represented a cheaper alternative to paper coupons, simply avoiding printing and mailing costs altogether. However, at that time, computer access was far from a certainty for the average consumer. Furthermore, some consumers with computer access found it difficult to use the Internet or to print, thereby adding further obstacles to redeeming computer coupons. (*See* Ex. A at 1:44-51.). Both paper and computer distributed coupons also could not offer effective

opportunities for impulse buying, ultimately an important facet of sales. (*See* Ex. A at 1:52-53.).

14. The Patent-in-Suit addressed these technical challenges by, for example, teaching how mobile communication devices and broadcast media may be utilized together to distribute information in the form of coupons or the like. (*See* Ex. A at 2:19-22).

15. The claims of the '668 Patent do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in improving the efficiency of coupon distribution via mobile communication devices and broadcast media.

16. Moreover, the inventions taught in the '668 Patent, which are rooted in improving the efficiency of coupon distribution via mobile communication devices and broadcast media, cannot be performed with pen and paper or in the human mind. Additionally, because the '668 Patent teaches a mechanism to improve the efficiency of coupon distribution via mobile communication devices and broadcast media, the solutions it teaches are not merely drawn to longstanding human activities.

## ACCUSED PRODUCTS

17. Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to the Walgreens mobile apps for iOS and Android (the "Accused Products" or "Accused Instrumentality"). The Accused Instrumentality is a mobile application for selling products, including but not limited to food products and groceries. Defendant provides and distributes digital coupons for its registered users via the mobile application.

## COUNT I
### (Infringement of U.S. Patent No. 7,349,668)

18. Plaintiff incorporates the above paragraphs herein by reference.

19. The '668 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 25, 2008. The '668 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

20. Plaintiff is the owner by assignment of the '668 patent and possesses all rights of recovery under the '668 patent, including the exclusive right enforce the '668 patent and pursue lawsuits against infringers.

21. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly and indirectly infringe on one or more claims of the '668 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented inventions, including, without limitation, one or more of the patented '668 systems and methods, in violation of 35 U.S.C. § 271.

### Direct Infringement – 35 U.S.C. § 271(a)

22. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

23. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the '668 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented inventions, including, without limitation, one or more of the patented '668 systems and methods, in violation of 35 U.S.C. § 271.

24. Defendant has been and now is directly infringing by, among other things,

practicing all of the steps of the '668 Patent, for example, internal testing, quality assurance, research and development, and troubleshooting. *See, e.g., Waymark Corp. v. Porta Sys. Corp.*, 245 F.3d 1364, 1366 (Fed. Cir. 2001) (noting that "testing is a use of the invention that may infringe under § 271(a)").

25. By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '668 Patent, including at least Claim 1. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 1 of the '668 Patent.

**Induced Infringement – 35 U.S.C. § 271(b)**

26. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

27. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '668 Patent in the State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products incorporating the accused technology. End users include, for example, Defendant's customers and other third parties interacting with the accused technology.

28. Defendant had pre-suit knowledge of the Patents-in-Suit as early as March 24, 2021 when it received a letter from Plaintiff notifying Defendant of Defendant's infringement. Defendant had post-suit knowledge when this suit was filed. *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed.Cir.2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

29. Defendant knew the Accused Product infringes the '668 Patent and yet Defendant induced and continues to induce others-including partners, customers, and third parties-to directly infringe at least one claim of the '668 Patent under 35 U.S.C. § 271(b). Defendant took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

30. For example, Defendant induces its users to use the infringing Accused Product on their mobile devices, actively prompting infringement by directing its customers to find and redeem digital coupons online and in-store by using the Walgreens apps. *See, e.g.*, Ex. C[1] (instructing customers to use the Paperless Coupons feature of the Walgreens app to clip digital coupons and use a barcode to redeem digital coupons at checkout); Ex. D[2] (instructing customers how to redeem coupons via a scannable barcode at checkout) and Ex. E[3] (instructing customers how to redeem digital coupons in-store and online).

31. The allegations herein support a finding that Defendant induced infringement of the '668 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct

---

[1] https://www.walgreens.com/topic/help/shophelp/coupons_help.jsp
[2] https://www.walgreens.com/topic/help/generalhelp/coupon_policy_main.jsp?_requestid=37856
[3] https://play.google.com/store/apps/details?id=com.usablenet.mobile.walgreen

infringer was actually persuaded to infringe by that material.").

### Contributory Infringement – 35 U.S.C. § 271(c)

32. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

33. Defendant had pre-suit knowledge of the Patents-in-Suit as early as March 24, 2021 when it received a letter from Plaintiff notifying Defendant of Defendant's infringement. Defendant had post-suit knowledge when this suit was filed. *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed.Cir.2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

34. On information and belief, Defendant's implementation of the accused functionality has no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses). The Accused Product does not allow one to disable the infringing technology when used.

### Willful Infringement

35. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

36. Defendant had pre-suit knowledge of the Patents-in-Suit as early as March 24, 2021 when it received a letter from Plaintiff notifying Defendant of Defendant's infringement.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Defendant had post-suit knowledge when this suit was filed. *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1345 (Fed.Cir.2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

37.     Despite its knowledge of the '668 Patent, Defendant has sold the Accused Product in egregious disregard of Plaintiff's patent rights. Defendant has acted recklessly and engaged in willful, wanton, and deliberately acts of infringement of the '668 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### Plaintiff Suffered Damages

38.     Defendant's infringement of the '668 Patent has caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Plaintiff's exclusive rights under the '668 Patent will continue to damage Plaintiff causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

### REQUEST FOR RELIEF

39.     Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a)     enter a judgment that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the '668 Patent;

(b)     enter a judgment awarding Plaintiff all damages adequate to compensate it for

Defendant's infringement of, direct or contributory, or inducement to infringe, the including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)     enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '668 Patent;

(d)     issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the '668 Patent;

(e)     enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f)     award Plaintiff all other relief that the Court may deem just and proper.

Dated: June 10, 2021                           Respectfully submitted,

*By: /s/   Kirk J. Anderson*
KIRK. J. ANDERSON (CA SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

**Attorneys for Plaintiff Optinetix Inc.**